MARION B. P. WILSON, Respondent, v. CYRUS B. LAWRENCE, Interpleaded, etc., Appellant.

8h    593
78 AD¹492

*Interpleader — Code, § 122 — supplemental complaint.*

Where upon the application of the defendant an order is made, in pursuance of section 122 of the Code, directing that he pay into court the money, to recover which the action is brought, and that a third person, by whom the same is claimed, be substituted as defendant in his place, the plaintiff should apply for leave to serve a supplemental complaint setting forth such additional facts, as may be necessary to show that he has a right to recover the amount claimed as against the defendant.

If the plaintiff fail so to do, and proceed to trial upon the original complaint, the substituted defendant may move to dismiss the same, on the ground that as to him it does not state facts sufficient to constitute a cause of action.

In an action by a widow to recover the amount of a policy issued to her upon the life of her husband, which has, prior to his death, been assigned to the defendant upon his paying to her the sum of $2,000, a court of equity will not decree the restitution of such policy to her and the cancellation of the assignment, without requiring her to restore the money so received by her. (Per Smith, J.)

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was originally brought against the Connecticut Mutual Life Insurance Company to recover $2,500, the amount of a policy of life insurance upon the life of John G. Wilson, who was husband of respondent.

After action was brought an order was granted by this court, at a Special Term thereof, upon the application of the insurance company, substituting Cyrus B. Lawrence as defendant in place of said insurance company, and that the insurance company be released from all further liability upon paying the clerk of Ontario county the money payable upon said policy. No notice of the application for said order was given to said Lawrence.

Lawrence served an answer, claiming that respondent had, on the 2d day of April, 1873, assigned the policy of insurance to him, and that he was the owner and holder of the policy.

The cause was heard on the same complaint as originally served.

No summons was ever served on Lawrence, but a copy of the order granted on the 27th day of March, 1876, with the complaint of plaintiff, was served on Lawrence, and he answered by his attorney.

The plaintiff claimed to recover on the complaint and the admissions in Lawrence's answer, and was allowed to prove on the trial, against the objection of appellant, the said order of March 27, 1876, and also that the insurance company had paid the money on the policy into court.

The court denied appellant's motion to dismiss plaintiff's complaint, on the ground that the complaint did not state a cause of action against Lawrence, and that the court had never acquired jurisdiction over the subject-matter of the action.

The policy in question bears date the 9th day of October, 1868, upon the. life of John G. Wilson, husband of plaintiff, and by it the said life insurance company agreed to pay $2,500 to the plaintiff, her executors, administrators or assigns on the death of said John G. Wilson. The death of Wilson was admitted, and the company, by paying money into court, admitted its liability on the policy in question.

It appears by the policy itself, and also by admissions on the trial, that the. premiums on the policy were paid by plaintiff herself.

On the trial the appellant offered in evidence an assignment of

the said policy, bearing date the 2d day of April, 1873. The assignment was executed by the said Marion B. P. Wilson, and was also signed by her husband and duly acknowledged before a notary public, and Mrs. Wilson acknowledged that she executed the same "without any fear or compulsion of her husband." The consideration of the assignment was $2,000, and the assignment covered the policy in question, "together with all sum or sums of money, interest, principal and advantage whatsoever, now due, or hereafter to arise, or to be had or made by virtue thereof."

The appellant also proved that he had been in possession of the policy and said assignment, since the date of the said assignment.

The court decided that plaintiff was entitled to judgment, awarding to her the money in the hands of the clerk of Ontario county, and that she have judgment for costs against Lawrence.

*Henry M. Field*, for the appellant.

*Robert P. Willson*, for the respondent.

E. DARWIN SMITH, J. :

The provision in section 122 of the Code that "A defendant against whom an action is pending upon a contract or for specific real or personal property may, at any time before answer, upon affidavit that a person not a party to the action and without collusion with him makes against him a demand for the same debt or property, upon due notice to such person and the adverse party, apply to the court for an order to substitute such person in his place, and discharge him from liability to either party on his depositing in court the amount of the debt, or delivering the property or its value to such person as the court may direct, and the court may, in its discretion, make the order," was designed to give a new remedy as a substitute for and concurrent with a bill of interpleader in equity. (*McKay* v. *Draper*, 27 N. Y., 256 ; *Patterson* v. *Perry*, 14 Howard, 505.)

As the Code prescribes no mode of proceeding under this section, the practice under it should be, I think, as far as practicable, that adopted by the courts of equity in cases of interpleader in analogous cases,

The order made at Special Term allowing the original defend-
ant, the Connecticut Mutual Life Insurance Company, to pay into
court the amount due on the policy of insurance referred to in the
plaintiff's complaint, and that Cyrus B. Lawrence be substituted as
defendant in the action in the place of the said insurance company,
and that such insurance company be discharged from liability to
either party, and that the said Cyrus B. Lawrence appear and
defend the action within twenty days after service upon him of a
copy of said order and a copy of the complaint, or that the plain-
tiff might apply to the court for the sums so deposited, was equiva-
lent, I think, in effect, to the order usually made upon bills of
interpleader after both parties had appeared and answered, adjudg-
ing that the plaintiff in such bill be paid his costs, and upon depos-
iting the money in dispute with the clerk, be dismissed from the
further prosecution of the action, and that the defendants inter-
plead, settle and adjust their claims and demands in respect to such
fund as between themselves.

The said order having been granted *ex parte*, so far as relates to
the said Cyrus B. Lawrence, was irregular and void as against him,
but this irregularity was, however, waived by his appearance and
answer in the suit.  Such appearance should be deemed to admit
that the said order was properly granted, to the same effect as a
defendant in a suit of interpleader would admit by not contesting
it, that the bill was properly filed as above stated.

The court having clearly jurisdiction of the subject-matter of such
action, such appearance by the said Lawrence was also a submis-
sion of his person to the jurisdiction of the court, and he is there-
fore properly to be regarded as the defendant in said action.

Notwithstanding such appearance and submission to the juris-
diction of the court, the defendant Lawrence was not debarred the
right to raise at the trial the question that the plaintiff's complaint
did not state any cause of action against him, and that, admitting
every·fact therein stated to be true, no judgment could be obtained
in the action against him.  This objection was clearly well taken,
and the motion to dismiss said complaint was erroneously over-
ruled.

The complaint set out a cause of action against the Commercial
Mutual Life Insurance Company ; it contains no allegations relating

to the defendant, or which he was called upon to answer or deny. The order aforesaid was also improperly received in evidence. It was not directed or adapted to prove any issue in the action. Causes must be tried at the Circuit upon the pleadings, and no evidence is admissible not directed to prove some issue made by the pleadings, and no judgment can be rendered for the plaintiff not based upon proper allegations of the complaint.

After the making of the said order of substitution, the Connecticut Insurance Company was dismissed from the action, and the same was to proceed against the defendant Lawrence, to reach the fund deposited with the clerk. The plaintiff should have obtained an order of the court, as suggested in Moak's Van Santvoord's Pleadings (p. 358), under section 177 of the Code, allowing him to make a supplemental complaint alleging the facts occurring after the commencement of said action, the making of the order of substitution and the dismissal of the insurance company as a defendant and the substitution of Lawrence in its place, and the deposit of the amount due upon the policy of insurance with the clerk, with such other appropriate allegations in relation to the defendant, as said plaintiff would be required to prove to maintain the action for the restoring to her the policy of insurance and the revocation or rescission of the assignment of said policy to him.

The defendant was entitled to have a complaint served upon him containing proper allegations relating to him or his claims, which he might controvert in his answer.

Of this right the defendant was not, and could not be deprived by the order of the court — certainly not by an *ex parte* order. He was entitled to have his rights presented, contested and asserted in appropriate pleadings.

The judgment upon the findings of the learned judge, I am inclined to think, also, upon the merits, independently of these considerations, was erroneous. He finds that the said policy of insurance was assigned and transferred by the said plaintiff to the defendant Lawrence, the consideration therein, having been received by the plaintiff and her husband, being $2,000, and that thereupon the said policy was delivered to said Lawrence. I cannot think this court should decree the restitution of said policy to the plaintiff and the invalidity and cancellation of said assignment thus

made for a present consideration, paid in hand to the plaintiff, without requiring her to account for and restore the said sum of $2,000 so received.

This proceeding is of an equitable nature, and the fund in court should be distributed or paid out upon equitable principles. No judgment, I think, should have been rendered for the plaintiff which directed any thing more than that the excess over $2,000 and interest to be paid from the fund in court to the plaintiff. This view is upon the assumption that, as the plaintiff before the assignment of said policy was the absolute owner of the same, as her separate estate, she must have received such money to her own use. She cannot be allowed, as I conceive, to keep this money so received by her from the defendant, and also to take the full amount arising from this policy from the fund in court. This would be too gross a fraud for this court to sanction.

The judgment should, therefore, be reversed and a new trial granted; and I think the plaintiff may be allowed, without further application to the court, to make a supplemental or amended complaint, as above suggested, and serve the same upon the defendant within twenty days after the entry of the order upon this decision, upon payment of the costs of the appeal; and the costs, otherwise, to abide the event of the decision.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment reversed and new trial granted, with leave to plaintiff to make and serve a supplemental complaint within twenty days after entry of the order of within decision, on payment of the costs of the appeal, otherwise costs to abide event.